UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION`

FOR-HIRE COMPANIES & DRIVER
MEMBERS OF CABS.WS
TECHNOLOGIES, LLC

    Plaintiffs,

v.                                     Case No. 5:15cv152/MP/CJK

UBER.COM, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on plaintiff's motion to dismiss based on an inability to procure counsel (doc. 7). On July 2, 2015, the undersigned entered an order (doc. 3) explaining that, as a limited liability company, CABS.WS Technologies, LLC ("CABS") is required to have legal representation in order to proceed and allowing CABS thirty days in which to file a notice of appearance signed by an attorney admitted to practice before this court. On July 29, 2015, plaintiff filed a motion for continuance (doc. 4) requesting an additional sixty days to retain counsel. The undersigned entered an order denying the motion for continuance as unnecessary but allowing plaintiff sixty days from the date of the order in which to have an attorney enter an appearance on its behalf. After more than sixty days

passed and counsel had not appeared on CABS' behalf, the undersigned entered an order directing CABS to show cause within fourteen days why the case should not be dismissed for failure to prosecute and/or failure to comply with an order of the court (doc. 6).  Presumably in response to the show cause order, plaintiff filed a motion to dismiss, stating it had been unable to retain counsel.  Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i), the undersigned finds that the action should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's Motion to Dismiss (doc. 7) be GRANTED and this cause be DISMISSED WITHOUT PREJUDICE.

2. That all pending motions be DENIED as moot.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of October, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).